UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANGIE M. WEBBER, )
 )
    Plaintiff )
 )
v. ) No. 2:13-cv-236-NT
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
 )
    Defendant )

# REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the questions of whether the administrative law judge properly evaluated the medical evidence without the assistance of a medical expert; improperly failed to consider her extreme obesity; improperly failed to find that her diabetes, depression, and knee impairment were severe; failed to evaluate properly a statement from her treating family nurse practitioner; and improperly assessed her credibility. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 405.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 11, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

requirements of the Social Security Act for purposes of her SSD claim through March 13, 2014, Finding 1, Record at 25; that she suffered from degenerative disc disease, an impairment that was severe but which did not meet or medically equal the criteria of any impairment included in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.* at 25-27; that she had the residual functional capacity ("RFC") to perform light work, but she was limited to occasional climbing of ramps, stairs, ladders, and scaffolds, could balance frequently but was limited to occasional stooping, kneeling, and crouching, and must have the ability to change positions at least every 30 minutes, Finding 5, *id.* at 27-28; that she was unable to perform any past relevant work, Finding 6, *id.* at 29; that, given her age (32 on the alleged date of onset, November 15, 2010), education, work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 30; and that, therefore, she was not under a disability as that term is defined in the Social Security Act at any time from the alleged date of onset to the date of the decision, June 28, 2012, Finding 11, *id.* at 31. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's appeal also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id*. (quoting Social Security Ruling 85-28).

## I.    Discussion

### A. Medical Expert

The plaintiff begins with an argument that the administrative law judge produced an "incomplete and inadequate" RFC because he failed to recognize the extent of the limitations caused by the pain resulting from her degenerative disc disease. Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 15) at 3. She ties the pain to her surgery in January 2010. *Id.* at 1-2. She goes on to assert that "[a] medical expert was required at the hearing to provide testimony assessing [her] back condition, status post surgery, and its impact on her RFC[,]" because the

3

administrative law judge "is not qualified to determine the significance of any particular medical findings[.]" *Id*. at 4.

These are incorrect statements of applicable Social Security law. This court has said repeatedly that the decision to consult a medical expert is "a matter left to the commissioner's discretion; failure to do so does not provide a basis for remand." *E.g., O'Neill-Beal v. Colvin*, No. 1:12-cv-399-GZS, 2013 WL 5941070, at *6 (D. Me. Nov. 5, 2013) (and cases cited therein). Nor is an administrative law judge forbidden "to determine the significance of any particular medical findings." Rather, as the First Circuit case cited by the plaintiff, Itemized Statement at 4, makes clear, an administrative law judge may not assess RFC

> based on a bare medical record. This principle does not mean, however, that the [commissioner] is precluded from rendering common-sense judgments about functional capacity based on medical findings, as long as the [commissioner] does not overstep the bounds of a lay person's competence and render a medical judgment.

*Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (citations omitted).

The plaintiff suggests that the administrative law judge wrongly "determine[d] the significance of" unspecified radiology reports, findings of the Plaintiff's neurosurgeon, Dr. Barth, and post joint injections findings, without specifying where in the record these reports and findings appear, and where in the administrative law judge's opinion these allegedly wrongful determinations appear, making it impossible to judge the validity of her conclusory assertions. All that this court may review, based on the plaintiff's itemized statement, is "records in Exhibit 12F that are from visits in September and October 2011, at least three months after the State agency consultants completed their reviews." Itemized Statement at 4-5.

The administrative law judge's entire reference to Exhibit 12F is the following:

4

> By April 2011, physical examination showed normal gait and station (Exhibit 9F/3). Treatment records clearly show the claimant's pain is stable with pain medication and exercise (*See* Exhibit 12F/16). She reported swimming during the summer of 2011 (Exhibit 12F/16). Doctors consistently encouraged the claimant to remain active and exercise (Exhibit 12F). In October 2011, the claimant reported that she felt her back pain was "stable," but aggravated by cold air (Exhibit 12F/9). She indicated that she was staying active and walking regularly (Exhibit 12F/9).

Record at 29. This passage contains no references to radiology reports or the findings of Dr. Barth, nor does it present any judgment about the recited medical findings and the plaintiff's self-reports.

The plaintiff's concluding assertion that "[a] medical expert with access to the complete medical record likely would have endorsed more significant limitations based upon the spinal instability, the degenerative disc disease, the surgery, and the evidence of ongoing pain management[,]" Itemized Statement at 5, is nothing more than unsupported speculation. Indeed, from all that appears, it is an exercise in the drawing of conclusions by a lay person that is forbidden by *Gordils*. *See generally Anderson v. Astrue*, No. 1:11-cv-476-DBH, 2012 WL 5256294, at *3-*4 (D. Me. Sept. 27, 2012) (administrative law judge may rely on state-agency reviewing physician's report where later medical evidence not clearly inconsistent therewith).

The plaintiff is not entitled to remand on this asserted basis.

### B. Obesity

The plaintiff next argues that she is entitled to remand because the administrative law judge was required to consider the effects of her obesity on her RFC but wrongly "completely ignore[d]" it. Itemized Statement at 5-6. This brief argument founders on the plaintiff's failure to demonstrate how such consideration at Step 2 of the sequential evaluation process would necessarily change

the outcome of her application for benefits.[2] *Hewes v. Astrue*, No. 1:10-cv-153-JAW, 2011 WL 4501050, at *6 (D. Me. Sept. 27, 2011). Nothing in Social Security Ruling 02-1p, cited by the plaintiff without a pinpoint reference, Itemized Statement at 5-6, requires a different outcome.[3]

### C. Other Impairments

The plaintiff also contends that the administrative law judge erred at Step 2 by failing to find that her diabetes mellitus, depression, and knee condition were severe impairments. Itemized Statement at 6-7. Again, she fails to indicate how such findings would necessarily change the outcome of her application.

In addition, with respect to her diabetes mellitus, the plaintiff argues only that it "requires management of her blood sugar and therefore an accommodation for additional breaks during the day[,]" *id.* at 6, without any citation to medical evidence supporting this assertion and, as the defendant points out, Opposition at 12, without any explanation of her necessarily-implied position that these breaks could not occur during the normal breaks that are generally given every two hours in the employment setting. *See Baker v. Social Sec. Admin. Com'r*, No. 1:10-cv-00167-JAW, 2011 WL 1298694, at *4-*6 (D. Me. Mar. 31, 2011). Further, the administrative law judge noted that the medical evidence demonstrated that the plaintiff's diabetes mellitus "is generally well controlled with medication (Exhibits 7F, 12F, 15F/4)." Record at 26. The plaintiff is not entitled to remand on the showing made concerning her diabetes mellitus.

---

[2] Indeed, as the defendant points out. Defendants' Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 16) at 11, the treatment notes cited by the plaintiff in this section of her itemized statement both appear to be dated before her alleged date of onset of disability. Record at 319-20 (July 2009 signature); 260 (August 27, 2009).

[3] At oral argument, the plaintiff's attorney cited instances in the record where the plaintiff's medical providers told her to lose weight and asserted that this established that her obesity must have had a more than minimal impact on her ability to perform basic work activities. To the contrary, this kind of speculation is not countenanced by Social Security Ruling 02-1p, which states that the administrative law judge "will consider any functional limitations resulting from the obesity." Social Security Ruling 02-1p, reprinted in *West's Social Security Reporting Service* Rulings (sup. 2013) at 257. It is the plaintiff's burden to identify evidence in the record of specific functional limitations caused by her obesity. *Williams v. Colvin,* No. 2:13-cv-00125-JAW, 2014 WL 220744, at *3-*4 (D. Me. Jan. 21, 2014).

The same sketchiness prevails in the plaintiff's discussion of her bilateral knee impairment, of which the plaintiff argues, *in toto*;

> The Plaintiff's knee impairment has since been diagnosed as degenerative joint disease and she was given an injection at the same office visit. A degenerative impairment such as this would certainly be expected to last more than 12 months. The Plaintiff testified at the hearing that her knee caused problems in using stairs, which the ALJ acknowledged during his questioning. Record at 40-41, 57-58. Such a condition certainly reaches the threshold required for a finding of severity at Step 2.

Itemized Statement at 6. No citation to the medical record is given to support the statement regarding diagnosis and injection. That is a minimal requirement for success on this appellate issue. In addition, the plaintiff's testimony that her knee "caused problems in using stairs," *id*., is not necessarily inconsistent with the limitation in her assigned RFC to "occasional climbing of . . . stairs." Record at 28. *See, e.g., Dandreo v. Astrue*, Civil No. 09-347-P-H, 2010 WL 2076090, at *2 (D. Me. May 20, 2010) ("occasionally" means "up to one-third of the time" in Social Security lexicon).

With respect to the plaintiff's allegations of depression, the administrative law judge thoroughly discussed a "mood disorder" and gave reasons, based on the analytical model prescribed for evaluation of alleged mental impairments, for his conclusion that it did not constitute a severe impairment. Record at 26-27. The plaintiff primarily relies on her testimony at the hearing concerning her "depression," Itemized Statement at 7, but at Step 2 only medical evidence may be considered. 20 C.F.R. §§ 404.1528, 416.928; *Raymond v. Astrue*, No. 1:12-cv-92-DBH, 2012 WL 6913437, at *6 (D. Me. Dec. 31, 2012) and cases cited therein. In addition, the plaintiff again fails to specify how a finding that she suffered from depression as a severe impairment would necessarily have changed the outcome of her application.

#### D.  Treating Source Statement

The plaintiff next contends that the administrative law judge erred in discounting the opinions of Laura Hill, her treating family nurse practitioner,[4] because he addressed "primarily" a one-page form completed by Hill, Record at 441, rather than the five-page form she completed on June 5, 2012, *id.* at 459-63, Itemized Statement at 7-8.  She asserts that the administrative law judge "simply rejected the P[rimary] C[are] P[rovider's] opinions as a whole and failed to conduct the necessary function-by-function assessment of the mental and physical demands of regular work." *Id*. at 8. She cites no authority in support of her assertion that a function-by-function assessment is required.

As the defendant points out, Opposition at 14, the administrative law judge cited both the 1-page form and the 5-page form filled out by Hill.  Record at 29.  He stated his reasons for rejecting Hill's conclusions and wrote that he instead relied on the findings of the state-agency reviewing physicians, *id.*, which he may do. *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 223-24 (1st Cir. 1981); *Gilson v. Colvin*, No. 1:12-cv-376-GZS, 2013 WL 5674359, at *3 (D. Me. Oct. 17, 2013).  I see no evidence in the administrative law judge's opinion to support the plaintiff's conclusion that he "primarily" considered the shorter form completed by Hill, but that contention is not determinative in any event.

This court has rejected the contention that Social Security law requires an administrative law judge to mention each of the findings, observations, or conclusions of a treating source in his or her opinion. *Cox v. Astrue*, No. 2:10-cv-26-DBH, 2010 WL 5260843, at *4 (Dec. 16, 2010).  It has also construed the language of Social Security Ruling 96-8p, where I assume the plaintiff found

---

[4] As the plaintiff concedes, Itemized Statement at 7 n.4, Hill is not an acceptable medical source, meaning that her opinions may not serve as evidence of the existence of an impairment, but may be considered as evidence of the severity of the impairment and how it affects a claimant's ability to function.  20 C.F.R. §§ 404.1513(a), 416.913(a).

8

the "function-by-function" language regarding the assessment of mental impairments to be performed by an administrative law judge, not to require a written analysis of particular functions beyond that found in this administrative law judge's decision at pages 26-27, *Evans v. Colvin*, No. 2-12-CV-235-JAW, 2013 WL 2145637, at *6-*7 (D. Me. Apr. 26, 2013), where, after all, the administrative law judge found that the plaintiff did not suffer from a severe mental impairment.[5]

The plaintiff is not entitled to remand on this basis.

### E. Credibility

The plaintiff's final challenge is based upon her assertion that the administrative law judge did not "properly" assess her credibility. Itemized Statement at 8-10. Specifically, she contends that the administrative law judge's "explanation for the credibility assessment is insufficient" because he "does not identify specific reasons for [the] conclusion [that objective evidence does not support the elevated level of impairment alleged], contrary to the requirements of SSR 96-7p." *Id*. at 9-10. She also argues again that hearing testimony from a medical expert was necessary, this time for proper evaluation of the credibility of her testimony, and asserts that such an expert "likely would have testified that the symptoms the Plaintiff complained about were reasonable given the nature of the spine impairments and the post-operative results of a significant surgical intervention[.]" *Id*. at 10. She cites no authority to support the latter argument or her speculation about the probable testimony of a medical expert, and I reject both for the reasons already stated.

Social Security Ruling 96-7p provides, with respect to evaluation of the credibility of the testimony of a claimant, that "[t]he determination or decision must contain specific reasons for the finding on credibility, supported by evidence in the case record, and must be sufficiently specific

---

[5] *See also Rudge v. Astrue*, No. 1:11-cv-440-DBH, 2012 WL 5207591, at *3-*4 (D. Me. Sept. 30, 2012) (function-by function analyses in record from state-agency reviewers or testifying medical expert sufficient to meet this requirement).

9

to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service* Opinions (Supp. 2013-2014) at 134. The administrative law judge addressed the plaintiff's credibility with considerable specificity, as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> The objective evidence provides some support to the claimant's allegations. However, it does not support the elevated level of impairment alleged. The record reveals the claimant complained of chronic low back pain since her mid 20s (Exhibit 2F/1). Prior to her alleged onset date of disability, the claimant was involved in an auto versus deer vehicle crash that resulted in increased low back pain (Exhibit 2F/1). The claimant denied any lower limb symptomatology, including focal weakness or paresthesias or complaints of bowel or bladder abnormalities (Exhibit 2F/1). There was no evidence of any significant neurologic deficits to suggest a radiculopathy (Exhibit 2F/3).

Record at 28. He elaborated:

> A June 2010 radiographic examination showed surgical fixation devices at L4 and L5 that appeared to be in good position, with no evidence of instability (Exhibit 6F). Physical examination follow[ing] surgery showed range of motion of the low back in flexion was guarded, but not terribly painful (Exhibit F/1). Although the claimant ambulated in a guarded manner, she could elevate and support her weight on her toes and heels (Exhibit 8F/1). Dr. Barth encouraged the claimant to remain active, specifically to engage in some form of low-impact aerobic exercise on a daily basis (Exhibit 8F/2).
>
> The claimant reported pain relief from medial branch blocks and bilateral sacroiliac joint injections (Exhibit 9F/5, 10). By April 2011, physical examination showed normal gait and station (Exhibit 9F/3). Treatment records clearly show the claimant's pain is stable with pain medication and exercise (*See* Exhibit 12F/16). She reported swimming during the summer of 2011 (Exhibit 12F/16). Doctors consistently encouraged the

claimant to remain active and exercise (Exhibit 12F). In October 2011, the claimant reported that she felt her back pain was "stable," but aggravated by cold air (Exhibit 12F/9). She indicated that she was staying active and walking regularly (Exhibit 12F/9).

Record at 29.

The analysis would perhaps have been improved by a summarizing statement to the effect of "and so, based on this evidence, I reject the plaintiff's testimony that she could not do [x] and [y]," but the standard applicable to credibility findings does not require pellucid prose. I find nothing to distinguish the administrative law judge's discussion of the plaintiff's credibility in this case from that found sufficient by this court in *Gray v. Astrue*, No. 2:11-cv-391-GZS, 2012 WL 3024118, at *3-*4 (D. Me. June 26, 2012), and *Hatch v. Astrue*, No. 2:10-cv-9-DBH, 2010 WL 5452124, at *5-*6 (D. Me. Dec. 28, 2010). Both pain determinations specifically, and credibility determinations in general, are entitled to deference, "especially when supported by specific findings." *Welch v. Astrue*, No. 1:11-cv-384-GZS, 2012 WL 3113148, at *12 (D. Me. July 11, 2012) (citing *Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987)). That is the case here, and deference is appropriately to be accorded.

F. **Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 25th day of June, 2014.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge